# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOSEPH RENDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:13-cv-1419 |
| ) | |
| LIBERTY LIFE ASSURANCE ) | |
| COMPANY OF BOSTON ) | |
|     SERVE: ) | |
|     Director of Insurance ) | |
|     301 W. High Street, Room 530 ) | |
|     Jefferson City, MO 65101 ) | |
| ) | |
| and, ) | |
| ) | |
| CHARTER COMMUNICATIONS,INC. ) | |
|     SERVE: ) | |
|     Registered Agent ) | |
|     CSC Lawyers Incoportating Service ) | |
|     221 Bolivar Street ) | |
|     Jefferson City, MO 65101 ) | |
| ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

COMES NOW Plaintiff, Joseph Renda, by and through counsel, Heller, Gallagher and Finley, L.L.P., and for his Complaint, states as follows:

1. This is an action arising under the Employee Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. (ERISA), to recover benefits due under an employee welfare benefit plan, to recover benefits due under an employee insurance program, to redress breaches of fiduciary duties under ERISA, and to recover costs, attorneys' fees and interest as provided by ERISA.

2.     This is an action brought pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.  Under 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3.     Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), in that the subject employee welfare benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, and all Defendants reside or are found in this District.

## PARTIES

4.     Plaintiff Joseph Renda (hereinafter "Joseph") is an individual residing in St. Louis County, MO, in the Eastern District of Missouri.  Joseph is a vested participant in a Group Insurance Policy for certain employees of Charter Communications, Inc., (hereinafter "Charter"), which provides an employee benefit plan within the meaning of 29 U.S.C. § 1002.  Joseph has standing to bring this action as a beneficiary under 29 U.S.C. § 1132(a).

5.     Defendant Liberty Life Assurance Company of Boston (hereinafter "Liberty") provides coverage for certain employees of Charter under an employee welfare benefit plan (hereinafter "Plan") within the meaning of 29 U.S.C. § 1002(1).

6.     Defendant Charter serves as the plan sponsor and Defendant Liberty serves as the plan administrator within the meaning of 29 U.S.C. § 1002(16).

7.     Liberty is a Massachusetts Corporation doing business in Missouri under a license to do business as a Foreign Insurance Company.

8.     Charter is a Missouri Corporation with a principal place of business in St. Louis County, Missouri.

9. Joseph suffered a retinal branch vein occlusion causing macular edema of his right eye. Joseph lost his sight in his right eye and became disabled on September 1, 2010.

10. Joseph received disability benefits under the Plan from February 28, 2011 until November 18, 2011 when Liberty discontinued benefits. ..

11. The Plan provides that a covered person is Disabled during the first 24 months, after an elimination period, if the covered person is unable to perform the Material and Substantial Duties of his Own Occupation.

12. The Plan provides that after 24 months of payments, a covered person is disabled when he or she is unable to perform the duties of any occupation for which the covered person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

13. Pursuant to provisions of the Plan, Joseph appealed Liberty's original decision to deny him long-term disability benefits after November 18, 2011, and has exhausted all administrative remedies available to him through the insurer.

14. Joseph is limited from performing the Material and Substantial Duties of his Own Occupation due to sickness or injury. Specifically, Joseph suffers from total blindness in his right eye.

15. Joseph submitted to Defendants, in a timely manner, the documentation from his treating physicians that he was permanently and totally disabled and unable to perform his own occupation due to sickness and injury.

16. Joseph submitted to Defendants in a timely manner his request for accommodations from Charter regarding his inability to: lift, pull, push over 15 pounds;

drive in unknown or unfamiliar locations; operate machinery, power tools, or power equipment; climb or reach overhead; and perform visual tasks requiring binocular vision or depth perception.

17.     Defendants requested a "peer-review" of Joseph's restrictions imposed by his physician, Dr. Blinder.  The peer-review was conducted by Dr. Damast, a doctor of Defendants' choosing.

18.     Dr. Damast's report of his peer-review dated January 22, 2011, concluded: "The impairment supports the following occupational restrictions and limitations: inability to drive; inability to operate machinery, power tools or power equipment; inability to climb or reach overhead; and inability to perform visual tasks requiring binocular vision or depth perception." Liberty's doctor further found that such restrictions and limitations would remain permanent if Joseph's right eye did not improve, which it had not since treatment began in early 2010.

19.     Liberty's claims adjuster rejected Dr. Damast's peer review findings and requested revisions from both Joseph's treating physician and the consulting physician.  Liberty's claims note dated October 13, 2011, states that the consulting physician clarified that Joseph was restricted from driving.  Liberty again rejected this finding and reached out to Dr. Blinder.

20.     At the instruction of Liberty's employee  , the peer-review was amended on October 31, 2011, to include that Joseph's physician, Dr. Blinder, believed that Joseph had some driving ability. Defendants' own physician, Dr. Damast, disagreed.  Dr. Damast stated that some driving may be possible at some point, however, unless Joseph had an occupation with lesser driving requirements, he would be unable to perform such a job.

21. On November, 18, 2011, Liberty's claims adjuster abandoned their consulting physician's findings completely when, according to the claims adjuster, Dr. Blinder in an unrecorded phone conversation with Liberty's peer reviewer, provided a more favorable outcome for Liberty's position.

22. Liberty corresponded with Charter in regard to Joseph's limitations and restrictions requesting accommodations for Joseph so he could continue in his position. Charter denied the request to make accommodations.

23. Defendants also subjected Joseph's claim to a vocational job occupation review, which was completed by Liberty's employee Rhonda Randolph , who determined on August 8, 2011, that Joseph's occupation does require an unlimited ability to drive..

24. Despite the opinions of its own physician reviewer and vocational expert which supported Joseph's claim that his restrictions and limitation due to his illness deemed him disabled under the Plan, Liberty denied Joseph's claim for benefits.  The denial of benefits constitutes a breach of fiduciary duty.  Defendant's denial was arbitrary and capricious, an abuse of discretion and not based on substantial evidence.

25. Defendant operated under a conflict of interest which resulted in the unfounded rejection of their own experts' findings, opinions and evidence.

26. Plaintiff is entitled to payment of long–term disability monthly benefits in an amount of sixty percent (60%) of his monthly salary until he is 65 years of age, plus interest for the time that he was wrongfully denied benefits.

27. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action herein, pursuant to 29 U.S.C. §1132(g).

28. Plaintiff is entitled to prejudgment interest pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** Plaintiff respectively prays that the Court award him damages against Defendants for past due long-term disability benefits, for prejudgment interest on past due sums, attorney's fees, costs and for an Order to pay Plaintiff monthly long-term disability benefits until he reaches age sixty-five (65), and for such further relieve as the Court deems just and appropriate.

HELLER, GALLAGHER & FINLEY, L.L.P.

_____

Matthew R. Davis
1670 S Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax (314) 725-0101
mrdavis@hgflawyers.com

Attorneys for Plaintiff